In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, March 18, 1935.

*Harry Rodwin* [*Adolph Kaufman* of counsel], for the Superintendent of Insurance.

*O'Malley & Wilson* [*W. F. O'Malley* and *Raymond F. Wilson* of counsel], for the sponsoring committee.

*Weschler & Kohn* [*Walter T. Kohn* of counsel], for the Bunker Realty Company (owner).

FRANKENTHALER, J. This is a Schackno proceeding for the reorganization of series N-109 of guaranteed mortgage certificates issued by the New York Title and Mortgage Company. The certificates represent participating interests in a single first mortgage on an eighteen-story and pent house elevator apartment at 450 West End avenue. The proposed plan calls for the election of a trustee to take over the administration of the mortgage and also for the extension and modification of the mortgage.

That portion of the plan which relates to the election of a trustee and to the declaration of trust pursuant to which the trustee is to act will be modified so as to make the same identical with the plan for series BX-19, as modified and approved by the court (154 Misc. 447). Many of the amendments suggested on behalf of certificate holders have already been incorporated in the BX-19 plan. In addition, article XI of the declaration of trust will be amended by adding the subdivision suggested by the attorneys for the sponsoring certificate holders.

That part of the plan which deals with the extension and modification of the mortgage will be modified in the following respects:

(1) The provision for the repurchase of certificates by the trustee will be eliminated in favor of a provision requiring the amortization payments to be applied ratably to the reduction of outstanding certificates. (The court is of the opinion that the substituted provision is fairer to the certificate holders than the one at present embodied in the proposed plan);

(2) Paragraph 6 of the plan will be modified by adding subdivision (j) in the language suggested by the attorneys representing the sponsoring certificate holders;

(3) Subdivision (e) of paragraph 6 of the plan will be modified by inserting the words " from July 1, 1933," immediately before the word " accrued " in the second sentence of the subdivision;

(4) Subdivision (h) of paragraph 6 of the plan will be modified by substituting the word " court " for the word " Trustee " at the very end of the subdivision;

(5) A provision shall be added to paragraph 6 requiring the owner to pay the reasonable compensation of counsel and account-

ants for the certificate holders' committee, the compensation to be fixed by the court in case of inability of the parties to agree. The compensation referred to shall relate to the services performed in connection with the extension and modification of the mortgage as distinguished from the services rendered in respect to those portions of the plan which call for the taking over of the mortgage by a trustee;

(6) Periods of twenty days' grace for interest payments and ten days' grace for amortization payments are to be provided for;

(7) Provisions permitting the owner to prepay the entire amount of the unpaid mortgage on thirty days' notice to the trustee, and also to pay larger amortization installments than those required by the terms of the plan should also be inserted;

(8) The present owner of the property, as a condition of the extension and modification, is to secure the consent of 450 West End Avenue Corporation and the assumption by the latter of the obligations of the mortgage as extended and modified, this assumption to be in addition to the liability of the present owner;

(9) In the event that any portion of the $2,000 paid to the Superintendent of Insurance for the purpose of meeting the expenses incurred in connection with the plan and the present proceeding should not be needed for such expenses, the surplus is to be paid to the trustee and added to the first amortization payment due thereafter; and

(10) The amortization payments are to begin on the first day of the twelfth month following the granting of the extension and modification instead of the first day of the eighteenth month thereafter.

Settle order and plan on three days' notice.